Argued and submitted September 8, 1983, reversed and remanded for reconsideration
February 8, 1984

# REDMOND,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (82-AB-1876, 82-AB-1876-A; CA A26791)

675 P2d 1126

Wendy L. Greenwald, Eugene, argued the cause for petitioner. With her on the brief was Kulongoski, Heid, Durham & Drummonds, Eugene.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief was Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Amy Segel, Portland, argued the cause for respondent Mt. Hood Community College. With her on the brief was Bullard, Korshoj, Smith & Jernstedt, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

Claimant seeks review of a decision by the Employment Appeals Board affirming an order of the Employment Division denying him unemployment compensation from June 13, 1982, through September 25, 1982, under ORS 657.167(1), because he was between successive academic years and had a reasonable assurance of reemployment. We reverse.

Claimant worked as a tutor for approximately eight to 12 hours per week in the Mathematics Department and the Developmental Education Department at Mt. Hood Community College from January, 1981, through June, 1982. In June, 1982, he was notified by the Math Lab supervisor that there would be no work for him in the Mathematics Department during the summer term. He testified that his math supervisor told him that, if there were work for him in the fall, the supervisor would not object to rehiring him and that his supervisor in the Developmental Education program told him that there was no way to know if he would be rehired until the department knew if students would request him. Shortly thereafter, claimant filed his initial claim for unemployment benefits.

On July 28, 1982, an administrative decision was issued stating that claimant was disqualified from receiving benefits under ORS 657.167(1), because he was in a recess period between successive academic years and had been given reasonable assurance of returning to the same employment at the end of the recess. That decision was affirmed by a referee after a hearing and thereafter by the Employment Appeals Board, which adopted the opinion of the referee.

ORS 657.167(1) provides, in relevant part:

> "Benefits based on service in an instructional, research or principal administrative capacity for a school, college, university or other educational institution shall be payable to an individual in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to this chapter, except that benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years or, when an agreement provides instead for a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided

for in the individual's contract and if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms. * * *"

Claimant contends that EAB erred in applying ORS 657.167(1) to disqualify him from receiving benefits, because (1) he was not in a recess period between two successive academic years and (2) he did not have a reasonable assurance of reemployment.

█ As to claimant's first assignment of error, we conclude that EAB correctly applied ORS 657.167(1) to claimant's summer suspension of work between his employment in the traditional fall through spring session of an academic institution. *Friedlander v. Employment Division,* 66 Or App 546, 676 P2d 314 (1984); *Hayes v. Employment Div.,* 65 Or App 506, 672 P2d 352 (1983).

█ In order to resolve claimant's second assignment of error, we need to determine whether the decision that claimant had "reasonable assurance" of reemployment is supported by substantial evidence in the whole record. ORS 183.482(8)(c); *McPherson v. Employment Division,* 285 Or 541, 545-46, 591 P2d 1381 (1979). The meaning of the term "reasonable assurance," as used in ORS 657.167(1), is a question of law appropriately resolved by this court. In *Friedlander,* we required some evidence of mutual commitment or assurance between the claimant and the employer, consistent with OAR 471-30-075, adopted by the Employment Division, which provides:

> "With respect to the application of ORS 657.167 and ORS 657.221, 'reasonable assurance' means a written contract, written notification or any agreement, express or implied, that the employee will perform services in the same or similar capacity for any educational institution during a subsequent academic year or term or in the period immediately following a recess period."

█ Viewing the record as a whole, we conclude that there was no agreement, express or implied, written contract or written notification which amounts to substantial evidence of mutual commitment or assurance. The decision to reemploy

claimant was contingent on students registering, needing tutoring and specifically requesting him as a tutor. Under those circumstances, it is reasonable to assume that claimant will seek employment elsewhere and should not be disqualified under ORS 657.167(1).

■ Although reemployment contingencies weigh against finding reasonable assurances, a single condition precedent to reemployment will not automatically preclude the application of ORS 657.167(1). In *Friedlander,* we found that the claimant had reasonable assurances when the colleges had informed him both orally and in writing of its intent to reemploy him in the fall term contingent on minimum student enrollment. Although similar to this case, in *Friedlander* the decision to rehire was made before summer recess with only the objective factor of adequate student enrollment left open. A contingency of this type amounts to an assurance of reemployment contingent only on the need for services. *See Zeek v. Employment Div.,* 65 Or App 515, 519, 672 P2d 349 (1983). In this case, claimant was told that, if enough students enrolled, needed tutoring and requested him, a decision whether to rehire him would be made. That amounts to a postponement of any commitment, not an assurance of reemployment.

■ The policy of ORS 657.167(1) is to deny benefits for the customary summer period in an otherwise ongoing employment relationship. While it is agreed that ORS 657.167(1) does not require a "formal guarantee" of work, it does require some evidence of a mutual commitment on which the employe could reasonably rely. The facts presented here do not meet this minimum requirement of a commitment or resemble an ongoing employment relationship. Claimant was not barred by ORS 657.167(1) from collecting unemployment benefits.

Reversed and remanded for reconsideration.